**Guerrier PRINTEMPS, Petitioner,**

**v.**

Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.

No. 06–5903–ag.

United States Court of Appeals,
Second Circuit.

Oct. 12, 2007.

Glenn L. Formica, New Haven, CT, for Petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division, Emily Anne Radford, Assistant Director, Terri Leon–Benner, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Guerrier Printemps, a native and citizen of Haiti, seeks review of a December 5, 2006 order of the BIA affirming the June 21, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guerrier Printemps*, No. A78 617 201 (B.I.A. Dec. 5, 2006), *aff'g* No. A78 617 201 (Immig. Ct. Hartford, Conn. June 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Here, the IJ rested his decision primarily on an adverse credibility determination but also provided Printemps' failure to meet his burden of proof as an alternative ground for denying Printemps' application. The BIA affirmed the IJ's decision but addressed only the IJ's adverse credibility

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

determination. Because the BIA did not explicitly "adopt and affirm" the IJ's decision in its entirety, it is not clear whether the BIA intended to affirm the IJ's burden of proof finding or even considered that portion of the IJ's decision. Accordingly, we review only that portion of the IJ's decision that the BIA discussed and expressly affirmed-the IJ's finding that Printemps was not credible. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc).

Here, the IJ's finding that Printemps was not credible was supported by substantial evidence. The IJ based his adverse credibility determination largely on two significant discrepancies between the statements Printemps made at his asylum interview and the testimony he gave at his hearing. *See Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir.2006). First, Printemps stated at his asylum interview that he had been arrested in May 2000 as well as in September 2000, while he testified at his hearing that he had only been arrested once. Second, Printemps testified at his hearing that his brother had been killed by the Lavalas Party in Haiti in 2001 because of Printemps' political activities, but he failed to mention his brother's death during his asylum interview. Our review of the record gives us no reason to doubt the reliability of the record of Printemps' asylum interview, and such substantial inconsistencies were a proper basis for the IJ's adverse credibility finding.

Moreover, the IJ offered Printemps an opportunity to explain these discrepancies, but found Printemps' explanations inadequate and was not obligated to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). In addition, the IJ reasonably found that, even when pressed for detail, Printemps' testimony was vague and lacking in sufficient detail with respect to a beating incident he allegedly suffered in November 2000. *Cf. Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005).

Taken together, these discrepancies and omissions were a sufficient basis for the IJ's adverse credibility determination, and the IJ properly denied Printemps asylum claim on that basis. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Because the only evidence that Printemps had been or would be subjected to persecution or torture in Haiti depended upon his credibility, the IJ also properly denied Printemps' withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.